Naziyr R. Z. Yishmael
24417 25th Avenue South
Des Moines, Washington

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **Naziyr Yishmael**<br>　*Plaintiffs*<br>vs.<br>**AMERICAN HOME MORTGAGE INVESTMENT CORPORATION d/b/a as AMERICAN BROERS CONDUIT; AURORA BANK FSB; NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A. AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES,SERIES 2007-18N; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC; QUALITY LOAN SERVICE CORP.; Property Commonly Known as 24417 25th Avenue South, Des Moines, Washington; AND JOHN DOE 1-50**<br>　*Defendants.* | Case No. C16-247RSL<br><br>**MOTION TO REMAND TO STATE COURT**<br>NOTING DATE APRIL 15, 2016 |

## MOTION TO REMAND

- 1 -
MOTION TO REMAND

Plaintiff, Naziyr Yishmael (Yishmael), hereby moves this Honorable Court, pursuant to 28 U.S.C. §1447(c), to remand this action to the Superior Court for King County, Washington due to this Court's lack of subject matter jurisdiction.  Plaintiff states the following in support thereof:

## INTRODUCTION

1. Before turning to the specific provisions of law which Defendants cite in support of their contentions that Plaintiff's action should be heard by this Honorable Court, it should first be borne in mind that:

   > [b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 867, 85, L. Ed. 1214 (1941). Indeed all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F,3d 1092, 1095 (11th Cir. 1994) (citing *Boyer v. Snap-on Tools Corp*., 913, F.2d 108 (3rd Cir. 1990); *Coker v. Amoco Oil Co*., 709 F.2d 1433 (11th Cir. 1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

   *University of S. Alabama v. American Tobacco Co*., 168 F.3d 405, 411 (11th Cir. 1999). In other words, "By narrowly construing removal statutes, federal preserve the independence of state governments." *Somlyo v. J. Lu-Rob Enterprises, Inc*., 932 F.2d 1043, 1045 (2d. 1991).

2. Against this general backdrop, in "determin[ing] whether the case should be remanded [to state court], the district court must evaluate the factual allegations in the light most favorable to the Plaintiff and must resolve any uncertainties about state substantive law in favor of the Plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (accord *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

3. The Defendants claim in error, that jurisdiction is vested in this Honorable Court "pursuant to 28 U.S.C. 1331" (see Defendants' NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT), and that removal is proper "pursuant to 28 U.S.C. §§1441(a) and

(b) on the grounds set forth.." in Defendants' 'NOTICE OF REMOVAL'. The Defendants' claims are in error and this Honorable Court lacks subject matter jurisdiction.

4. Taking each component of the Defendants' claim in turn:

### 28 U.S.C 1331

5. This provision states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's only quarrel with this provision is by the Defendants' application hereto. The problem here is that there are no federal causes of action or claims made by Plaintiff in the original complaint. Defendants' application of Plaintiff claim to Defendants' violation of FDCPA is Washington States Fair Debt Collection Practices Act that is codified under R.C.W. 19. Though Plaintiff did reference this cause of action in his initial complaint, such reference was not followed through because of a question of "exception" for licensing within Washington State that Plaintiff was unable to reconcile prior to initial filing.

6. Plaintiff's causes of action in this instant complaint are merely 1) Wrongful Foreclosure due to violation of Washington's Statute of Limitations (RCW 4.16.040) and due to an encumbrance that was created for the benefit of an invalid fictitious entity, ABC, that purported to be a corporation established under the laws of New York according to the Deed of Trust and Note instruments that Defendant has filed as Exhibit A & Exhibit B, the subject Note and Deed of Trust and Note respectively; and 2) to Quiet title RCW 7.28 .

7. Though there is no federal constitutional question in Plaintiff's complaint, Plaintiff has subsequently learned and will show that there is a state constitutional challenge that will require Washington State Courts to reconcile Washington's Deed of Trust Act with Washington Constitution, Art. IV, §6 that will does require Plaintiff to serve Washington State Attorney General in accordance with RCW 7.24.110.

8. Clearly, Plaintiff makes no claim specific to any federal statute, Constitution, or treaty of the United States.

**28 U.S.C. 1441(a) & (b)**

9. In determining whether a federal court has jurisdiction 28 U.S.C. 1332(a) is controlling and states in pertinent part: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States…".

Because there are no issues based on federal constitution, treaties or statutes in this civil action then the only other way in which this matter may fall under the original jurisdiction for removal is through diversity and value.

10. Defendants' claimed that removal in this instance is proper because each defendant is a citizen of a different state save proper Defendant Quality because Quality's role as a trustee holding property on behalf of the Defendant Trust in accordance with 28 U.S.C. 1441 (a)&(b). The Courts have previously determined that trusts are citizens of the state in which its trustee is a citizen by stating that "When deciding whether to consider only the citizenship of the trustees of a Massachusetts business trust, or to also consider the citizenship of the trust's beneficial shareholders in a breach of contract case, the Supreme Court held that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Id. at 464. While the Sixth, Seventh, Ninth and Tenth Circuits rely on Navarro to hold that a trust's citizenship is determined by the citizenship of the trustees, other circuits look to the citizenship of trust shareholders, or to the citizenship of both shareholders and trustees, when the trust is suing or sued in its own name. 13F Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3630.1 (3d ed. 2009). This is a complicated area, and further research should be conducted." See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 462-65 (1980).

11. Diversity does not exist because Quality Loan Servicing, Inc. in serving as the trustee of Deed of Trust did perform the Trustee Auction that was held on January 29th, 2016 according to the Notice of Trustee Sale that is attached to Plaintiff's Complaint as Plaintiff's Exhibit 7 – Last Notice of Trustee Sale; and the Trustee's Deed, which purports

to transfer Plaintiff's property to Trust, that was recorded in King County Public Records, recorded as instrument number 20160204000734 and states in pertinent part: "The GRANTOR, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, as current Trustee…under that Deed of Trust in consideration of the premises and payment recited below, hereby grants and conveys without representation or warranty, expressed or implied, all right title and interest to U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-18N, as GRANTEE, to all real property…situated in the County of KING, State of Washington…" See Plaintiff's Exhibit A – Trustee's Deed

12. In performing its duties as a Trustee that did oversee and conduct the auction on behalf of the Trust, the Trustee clearly acted to manage and or dispose of property on behalf of Trust. Plaintiff does not purport to know the full extent of Trustee's duties, but had there been a successful bidder, Trustee most likely would have performed the duties of disposing of property on behalf of Trust. In such case it would seem that the standards that have been established by the court in Navarro have been met, and Trust is deemed a citizen of Washington State as its trustee, Quality.

## ADDITIONAL PARTIES

13. Hollis Thornton and Barbara Thornton (Thorntons), a marries couple, are named as previous owners of subject "property" and it is essential that Plaintiff join these parties to this instant action in order to properly Quiet Title. Though the joining of these parties is essential and would have destroyed Defendants' claim of diversity, which is not the case in this instant matter because citizenship of QUALITY as trustee and that effect upon the citizenship of Trust has hampered Defendants' claim of authority to remove based on diversity.

14. Thorntons did convey title of property to Plaintiff by way of Quit Claim Deed. This Deed was executed on October 20, 2016, and filed on January 21, 2016 with King County Recorder's Office.

## **CONCLUSION**

15. "The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court.  The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication." Railroad Com. of Texas v. Pullman, 312 U.S. 456, 500 (1941).

16. Compelling reasons exist that justify remanding this matter to state court in order that it may to hear this matter.  It would be manifestly unjust for this Honorable Court to claim jurisdiction that is questionable, at best, and to go further and tell Washington how to interpret its laws without providing it the opportunity to do so.  Legal reciprocity prescribes that this Honorable court should remand this matter in accordance with 28 U.S.C. 1447 so that Plaintiff can exhaust state court claims under the proper jurisdiction, as this court clearly lacks subject matter jurisdiction.

Respectfully,


s/Naziyr R.Z. Yishmael
24417 25th Ave South
Des Moines, Washington 98198
206.574.8669
naziyr@hotmail.com


ATTACHMENTS:

Exhibit 8 – Trustee's Deed

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **Naziyr Yishmael**<br>    *Plaintiffs*<br>vs.<br>**AMERICAN HOME MORTGAGE INVESTMENT CORPORATION d/b/a as AMERICAN BROERS CONDUIT; AURORA BANK FSB; NATIONSTAR MORTGAGE, LLC; U.S. BANK, N.A. AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES,SERIES 2007-18N; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC; QUALITY LOAN SERVICE CORP.; Property Commonly Known as 24417 25th Avenue South, Des Moines, Washington; AND JOHN DOE 1-50**<br>    *Defendants.* | Case No. C16-247RSL<br><br>**PROPOSED ORDER TO REMAND TO STATE COURT** |

    Plaintiff's Motion to remand this civil action to King County Superior Court of Washington State is hereby [ ] Granted / [ ] Denied.

This matter is hereby [ ] remanded to state court; [ ] retained by this Court; and

_____

_____

_____

_____

_____

_____

Dated this _____ day of _____ 2016

_____
Robert S. Lasnik
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **Naziyr Yishmael**<br>　*Plaintiffs*<br>vs.<br>**AMERICAN HOME MORTGAGE INVESTMENT CORPORATION d/b/a as AMERICAN BROERS CONDUIT; AURORA BANK FSB, et al**<br>　*Defendants.* | Case No. C16-247RSL<br><br>**CERTIFICATE OF SERVICE** |

　　I certify that on March 29, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Barbara L. Bollero, attorney of record for Defendants; NationStar Mortgage LLC, Mortgage Electronic Registration Systems, Inc., and U.S. Bank as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-18N

And I certify that I have mailed by the United State Postal Service the document to the following non CM/ECF participants:
　　Aurora Bank FSB, with an address of 7807 E. Peakview Avenue Centennial, Colorado 80111; and
　　American Home Mortgage Investment Corp. d/b/a American Brokers Conduit c/o AHM Liquid Trust P.O. Box 10550

Dated:　　　March 29, 2016


s/Naziyr RUack Zadaq Yishmael
24417 25th Avenue South
Des Moines Washington
206.574.8669